UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD GREEN, ET AL.** | CIVIL ACTION |
| **VERSUS** | No. 10-4481<br>c/w 10-4482<br>REF: ALL CASES |
| **ARCHER DANIELS MIDLAND, ET AL.** | SECTION I |

### ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiffs, Gerald Green ("Green") and Morris Lee ("Lee"), requesting that this Court review the U.S. Magistrate Judge's order denying their motion for an extension of time to conduct additional discovery. Green and Lee also request a continuance of the trial date in order to complete the requested discovery.[2] Defendant, ADM Grain River System, Inc. ("ADM"), has filed an opposition.[3] For the following reasons, the decision of the magistrate judge is **AFFIRMED**.

### *BACKGROUND*

Green and Lee filed this lawsuit alleging that they were employed by River Parishes Contractors at the ADM site in Reserve, Louisiana, until their supervisor Reggie Figley ("Figley") unlawfully laid them off in favor of younger Hispanic workers.[4] ADM denies that it unlawfully discriminated against Green and Lee.[5] ADM claims that Green and Lee were not productive employees and that they were sent back to River Parishes Contractors for not properly performing their job duties.[6]

---

[1] R. Doc. No. 48.
[2] *Id.*
[3] R. Doc. No. 50.
[4] R. Doc. No. 1.
[5] R. Doc. No. 5.
[6] *Id.*

1

On December 13, 2011, three weeks after the discovery deadline, Green and Lee filed a motion to extend the discovery deadline.[7] Green and Lee hoped to conduct additional discovery for the purpose of obtaining information they believed would establish that they were unlawfully fired based on their age and race.[8] Specifically, they sought to obtain two items of discovery: (1) time records documenting the rate at which they unloaded rail cars or, "as a back up," information from former employees of the control room relating to their productivity, and (2) information relating to Hugo Contreras ("Contreras") and Oscar Zavala ("Zavala"), two employees that may have been assigned to the ADM site after Green and Lee's dismissal as their replacements.[9] Green and Lee argued that the first item of discovery related to ADM's defense that Green and Lee were the slowest of the rail car laborers.[10] Green and Lee sought the second item of discovery to supplement their earlier subpoena to ADM's supplier of contract labor.[11]

ADM opposed the motion to extend the discovery deadline on the ground that Green and Lee failed to show "good cause" for the extension of time.[12] ADM argued that Green and Lee failed to meet the discovery deadline due to their own lack of diligence.[13] ADM contended that Green and Lee had knowledge of the items it sought to discover weeks before the discovery deadline.[14] ADM also argued that the requested discovery was not relevant, and that it would not yield the information Green and Lee hoped to obtain.[15] ADM further argued that it would suffer

---

[7] R. Doc. No. 36.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. No. 42.
[13] *Id.*
[14] *Id.*
[15] *Id.*

prejudice from an extension of the discovery deadline because responding to additional discovery at this time would interfere with its trial preparation.[16]

Green and Lee filed a reply memorandum in support of their motion.[17] They argued that ADM had assisted in "running out the clock" by not responding to their oral and written requests for documents tracking their productivity.[18] Green and Lee also argued that the evidence was critical to opposing the subjective opinions of their supervisors.[19] Green and Lee further argued that any prejudice would be cured if the data they sought clearly revealed their productivity rates as it would eliminate the need for any depositions.[20] Finally, Green and Lee conceded that their lack of diligence resulted in the omission of Contreras and Zavala from their earlier subpoena, but they contended that the discovery request was important, and that it would impose no burden on ADM.[21]

The magistrate judge denied the motion for an extension of time to conduct discovery on the ground that Green and Lee had failed to demonstrate "good cause" for modifying the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).[22] The magistrate judge held that (1) the explanation for plaintiffs' failure to accomplish the discovery by the Court's deadline was unpersuasive, (2) the importance of the requested discovery was questionable, and (3) allowing the late discovery would substantially prejudice ADM in light of the upcoming pretrial conference and its associated deadlines.[23] The magistrate judge stated, "I see no good reason why this discovery concerning the identity of potential witnesses (despite the tangential

---

[16] *Id.*
[17] R. Doc. No. 46.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] R. Doc. No. 47.
[23] *Id.*

relevance of whatever they might know) and the obtaining of documents from a third party could not have been accomplished prior to the discovery deadline."[24]

On January 6, 2012, the Court held a pretrial conference and it heard Green and Lee's motion for review of the magistrate judge's decision as well as their request for a continuance of the trial date. ADM offered to provide Green and Lee with copies of the track lists dating from June of 2008 to June of 2009. In light of that offer, Green and Lee agreed that they would not pursue their request for a continuance. Accordingly, the only issue for the Court to decide is whether the magistrate judge erred in denying Green and Lee's request to supplement their subpoena request with respect to Contreras and Zavala.

*LAW AND ANALYSIS*

## I. Standard of Review

Federal Rule of Civil Procedure 72(a) permits the Court to review a magistrate judge's order on non-dispositive pretrial matters if a party objects within fourteen days after service of the order. Fed. P. Civ. P. 72(a). The Court may reverse only upon a finding that the order is "clearly erroneous or is contrary to law." *Id.* This Court has previously held that "a motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Hunter v. Copeland,* No. 03-2584, 2004 WL 1562832, at *1 (E.D. La. July 12, 2004) (Berrigan, J.).

## II. Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The good cause standard requires the 'party

---

[24] *Id.* The Court notes that plaintiffs previously sought to compel production of the scale tapes. R. Doc. No. 30. The magistrate judge found that the motion was without merit. *Id.*

4

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' " *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). A trial court has broad discretion to preserve the integrity and purpose of its pretrial orders "which, toward the end of court efficiency, is to expedite pretrial procedure." *S & W Enters.*, 315 F.3d at 535.

The U.S. Fifth Circuit Court of Appeals has applied a four-factor balancing test in certain contexts to determine whether good cause exists to modify a scheduling order by weighing (1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice. *See Geiserman v. MacDonald*, 893 F.2d 787, 790-92 (5th Cir. 1990) (untimely designation of expert witnesses); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997) (untimely submission of expert reports); *S & W Enters.*, 315 F.3d at 536 (untimely amendment of pleadings). The magistrate judge applied the factors in this context and he found that Green and Lee had failed to establish good cause to modify the Court's scheduling order to permit the requested discovery.[25]

The record in this case fully supports the magistrate judge's decision that Green and Lee failed to show "good cause" for extending the discovery deadline in order to allow them to supplement their subpoena request. Green and Lee conceded that their failure to include Contreras and Zavala in their initial subpoena request was caused by "a lack of thoroughness."[26] Green and Lee provided no other explanation for their failure to obtain the requested discovery

---

[25] R. Doc. No. 47.
[26] R. Doc. No. 46.

5

prior to the discovery deadline.[27]  Moreover, given the speculative nature of their belief that Contreras and Zavala replaced them at the ADM site, the magistrate judge did not clearly err when finding that the importance of the requested discovery was questionable.  The magistrate judge recognized that the additional discovery would be minimal, but noted that its completion could not reasonably be accomplished before the final pretrial conference, and that it would result in prejudice to ADM.  Finally, in light of counsel's admitted lack of diligence, the Court finds that granting a continuance in this late hour would unnecessarily delay trial and prejudice ADM.[28]  *See S & W Enters.*, 315 F.3d at 536-37.  In sum, the Court does not find that the magistrate judge's decision that Green and Lee failed to show "good cause" was clearly erroneous or contrary to law.

### *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the magistrate judge's order is **AFFIRMED**.

New Orleans, Louisiana, January 6, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[27] *See id.*

[28] The magistrate judge stated that whether a continuance would be available to cure any prejudice to ADM is a matter that must be directed to the district judge.  R. Doc. No. 47.